## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

In re:  BARTHOLOMEW KLOPACK and     §     Case No. 09-17118
    JANE A. KLOPACK,     §
    §
Debtor(s)     §

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that RICHARD M. FOGEL_____, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

219 S. Dearborn Street, 7th Floor, Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved prior to the Final Report must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:00 a.m. on 4/29 /2010 in Courtroom 744, United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604.

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of this Court.

Date:  03/25/2010_____     By:  /s/ Richard M. Fogel_____
    Trustee

RICHARD F. FOGEL
321 N. CLARK STREET
SUITE 800
CHICAGO, IL 60654

**UST Form 101-7-NFR (9/1/2009)**

{000 NTC A0236578.DOC}

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: KLOPACK, BARTHOLOMEW | § | Case No. 09-17118 |
| KLOPACK, JANE A | § | |
| | § | |
| Debtor(s) | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| *The Final Report shows receipts of* | $ | 75,001.41 |
| *and approved disbursements of* | $ | 54,110.80 |
| *leaving a balance on hand of* [1] | $ | 20,890.61 |

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| N/A | |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee   RICHARD M. FOGEL | $       6,250.07 | $       36.68 |
| Attorney for trustee | $ | $ |
| Appraiser | $ | $ |
| Auctioneer | $ | $ |
| Accountant | $ | $ |
| *Special Attorney for trustee* | $ | $ |
| Charges,   U.S. Bankruptcy Court | $ | $ |
| Fees,   United States Trustee | $ | $ |
| Other | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|

1 The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (9/1/2009)**

| | | | |
|---|---|---|---|
| *Attorney for debtor* | _____ | $ _____ | $ _____ |
| *Attorney for* | _____ | $ _____ | $ _____ |
| *Accountant for* | _____ | $ _____ | $ _____ |
| *Appraiser for* | _____ | $ _____ | $ _____ |
| *Other* | _____ | $ _____ | $ _____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | N/A | | |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 282,424.69 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 5.2 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | Wells Fargo Bank, N.A. | $ 87,007.09 | $ 4,499.05 |
| 2 | Advanta Bank Corp | $ 21,977.30 | $ 1,136.42 |
| 3 | PYOD LLC its successors and assigns | $ 6,289.89 | $ 325.24 |
| 4 | American Express Centurion Bank | $ 3,787.13 | $ 195.83 |
| 5 | American Express Bank FSB | $ 9,087.94 | $ 469.93 |
| 6 | Chase Bank USA NA | $ 38,058.16 | $ 1,967.94 |
| 7 | Chase Bank USA, N.A. | $ 25,380.72 | $ 1,312.41 |
| 8 | Chase Bank USA, N.A. | $ 1,134.70 | $ 58.67 |
| 9 | Chase Bank USA, N.A. | $ 3,021.61 | $ 156.24 |
| 10 | Chase Bank USA, N.A. | $ 4,249.49 | $ 219.74 |
| 11 | MBF Leasing LLC | $ 719.10 | $ 37.18 |
| 12 | FIA CARD SERVICES, NA/BANK OF AMERICA | $ 14,302.24 | $ 739.55 |

UST Form 101-7-NFR (9/1/2009)

| 13 | Manheim Automotive Financial Services, Inc. | $ | 67,409.32 | $ | 3,485.66 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
| --- | --- | --- | --- |
| | N/A | | |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
| --- | --- | --- | --- |
| | N/A | | |

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

Prepared By: /s/RICHARD M. FOGEL
Trustee

RICHARD M. FOGEL
321 N. CLARK STREET
SUITE 800
CHICAGO, IL  60654
(312) 276-1334
rfogel@shawgussis.com

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-7-NFR (9/1/2009)

# SHAW GUSSIS

### Shaw Gussis Fishman Glantz Wolfson & Towbin LLC

March 8, 2010

**Richard M. Fogel**

Direct 312.276.1334
Fax 312.275.0578
rfogel@shawgussis.com

Cameron Gulden
Office of the U.S. Trustee
219 South Dearborn St., Suite 873
Chicago, IL  60606

> **Re:    Michael R. Collins/07-20525**
> **Peter B. McManus/09-04770**
> **Bartholomew and Jane Klopack/09-17118**

Dear Cameron:

Enclosed are draft hard copies of the Final Report packages for the referenced Chapter 7 cases.  All of the documents are ready for ECF filing after the Final Reports are approved.

Please call me if you have any questions about these cases.

Very truly yours,

Richard M. Fogel

RMF/cak
Enclosures

{4273 LTR A0204123.DOC}